R. I. McQuiddy, Appellant, v. J. C. Gates, Respondent.

Kansas City Court of Appeals, February 15, 1897.

Special Tax Bills: KANSAS CITY CHARTER: RECEIPT: INTEREST. Under the freeholder's charter of Kansas City, a special tax bill becomes a lien from the date the contractor receipts for the same, and no interest can be allowed on the same prior thereto, although the delivery was in fact made seven months previous.

*Appeal from the Jackson Circuit Court.*—Hon. C. L. Dobson, Judge.

Affirmed.

*T. B. Buckner* and *J. V. C. Karnes* for appellant.

(1) Unquestionably the date of issue in this case was the eighth day of March, 1895. The tax bills were not paid within the thirty days, hence they should draw interest from said date. Sec. 18, art. 9, city charter. The terms "date of issue" mean "to send out" "to deliver for use;" the word "issue" occurs a number of times in said section, and even a casual reading of said section will show that the definition above given is the sense in which said word was used. The date the tax bills were "sent out," "delivered for use," or issued, was on March 8, 1895. (2) This court has held that the limitation of the lien, and the date from which the tax bills draw interest is the date of issue. *Smith v. Barrett,* 41 Mo. App. 460; *Eyerman v. Payne,* 28 Mo. App. 75.

*Clarence S. Palmer* for respondent.

(1) Respondent contends that the motion for a new trial was properly granted upon the ground stated

by the trial court. Sec. 16, art. 9, city charter. This is not a mere matter of form. The contract for the work is made by the city with the contractor. Its payment, upon the performance of the work, is not for cash, but in special tax bills. Sec. 3, art. 9, city charter. The charter provides, as it has a right to do, that there shall be a solemn acknowledgment of the contractor that he has received payment in full for the work done under the contract. There is no action against the property owners for the work done. They are not parties to the contract for doing of the work. Their liability rests entirely upon the special tax bill, which the city in proper cases and in a proper manner has the right to issue. *Pendergast v. Richards*, 2 Mo. App. 187; *Neeman v. Smith*, 50 Mo. 525; *Stadler v. Roth*, 59 Mo. 400; *Keith v. Bingham*, 100 Mo. 307; *Galliher v. Bartlett*, 61 Mo. App. 258.

GILL, J.—This is an action on a number of special tax bills for grading a portion of Locust street in Kansas City. These bills belong to the second series issued for the same work, the first having been STATEMENT. adjudged void because the computation and apportionment of the cost of the grading was not performed by the officers named in the charter. *McQuiddy v. Vineyard*, 60 Mo. App. 610.

On March 8, 1895, plaintiff applied to the board of public works, and other bills were made out and delivered to him, but through some neglect or oversight the plaintiff failed to sign a receipt to the board of public works until more than seven months thereafter, to wit, October 19, 1895, when he went to the proper office and signed a proper receipt on the tax bill register, dating the same back as of March 8, 1895. At the trial before the circuit court, judgment was entered enforcing the tax bills and for interest from March 8, 1895.

But the court subsequently sustained a motion for new trial, assigning as a reason therefor that interest should have been allowed only from October 19, 1895, when the receipt was given to the board of public works, instead of March 8, 1895, the date when the tax bills were delivered to plaintiff. From this order granting a new trial plaintiff appealed.

The duty of making out and certifying special tax bills for street grading, is, according to the Kansas City charter, imposed on her board of public works. And then before or at the time of delivering these bills to the contractor or his assignee, it is the

SPECIAL tax bills: Kansas City charter: receipt: interest.

further duty of the board to "cause the same to be registered in full in their office * * * and take the receipt of such party therefor at the foot of the registry in full of all claims against the city on account of the work for which such tax bills have been made out." It is then further provided that "every special tax bill shall be a lien upon the land described therein, *on the date of the receipt to the board of public works therefor*, and such lien shall continue for two years thereafter. * * * Every special tax bill, if paid within thirty days from the date of issue, shall bear no interest; if not paid within such time, it shall bear interest from the date of issue at the rate of ten per cent per annum." See sections 15, 16, and 18, art. 9, K. C. charter, 1889.

The question is, what was the "date of issue" within the meaning of the charter, and from which the tax bills shall bear interest? Was it March 8, 1895, when the tax bills were made out and delivered to plaintiff, or was the date of issue October 19, seven months after, when plaintiff gave his receipt to the board of public works? In our opinion, interest did not begin to run until the party receiving the tax bills gave receipt therefor to the board of public works.

Unquestionably the lien did not become fixed until the latter date, since the charter provides that "every special tax bill shall be a lien upon the land described therein *on the date of the receipt to the board of public works* therefor." Sec. 18, art. 9, city charter. The giving this receipt to the board fixed the beginning of the charge on the property; until then there was no complete lien or charge. And since the lien attaches on that date, it would be unreasonable that interest should be allowed for any time prior thereto. The tax bills create no personal liability on the landowner; they are at most a mere charge on the property based on its supposed improvement; and this lien or charge is, by the terms of the charter, made to take effect *at the date of the receipt* entered on the tax bill register. This date, too, must be the *true date*, the time when the receipt was given. When, then, the plaintiff on October 19, 1895, gave his receipt to the board of public works, the lien, and therefore the interest thereon, began on that date; the receipt could not have any retrospective effect.

The judgment of the circuit court granting a new trial was proper and will be affirmed. ELLISON, J., concurs, SMITH, P. J., not sitting.